**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**R.H.,**

**Plaintiff,**

**v.** **Case No: 6:26-cv-001470-PGB-LHP**

**BEECH-NUT NUTRITION COMPANY, GERBER PRODUCTS COMPANY, NESTLÉ USA, INC., NESTLÉ ENTERPRISES S.A., SOCIÉTÉ DES PRODUITS NESTLÉ S.A. and DOES 1-10,**

**Defendants.**
______________________________/

# ORDER

This cause comes before the Court upon jurisdictional review.

## I. BACKGROUND

On July 9, 2026, Plaintiff R.H. ("**Plaintiff**")[1] initiated this suit by filing the Complaint against Defendants Beech-Nut Nutrition Company; Gerber Products Company; Nestlé USA, Inc.; Nestlé Enterprises S.A.; Société des Produits Nestlé S.A.; and Does 1-10 (collectively, the "**Defendants**"). (Doc. 1 (the "**Complaint**")). Therein, Plaintiff asserts that Defendants "*knowingly* sold baby food products contaminated with" toxic heavy metals that are "known to cause brain damage and

[1] The Complaint was filed on Plaintiff's behalf by Cheyenne North, as Plaintiff is a minor. (*See generally* Doc. 1).

neurodevelopmental harm." (*Id.* ¶ 1). Further, Plaintiff avers that Plaintiff consumed Defendants' products and was thus exposed to such toxic heavy metals, resulting in harm to Plaintiff. (*Id.* ¶¶ 7–8).

As a result, Plaintiff brings causes of action against Defendants for strict products liability based upon a failure to warn theory (Count I), manufacturing defect theory (Count II), and design defect theory (Count III). (*Id.* ¶¶ 104–49). Plaintiff also brings causes of action against Defendants for negligent failure to warn (Count IV), negligent manufacturing (Count V), negligent product design (Count VI), and general negligence (Count VII). (*Id.* ¶¶ 150–204). Of relevance to the instant Order, in the first paragraph under each successive count, Plaintiff "incorporates by reference each allegation set forth in preceding paragraphs as if fully stated herein." (*Id.* ¶¶ 104, 123, 135, 150, 168, 180, 196).

Additionally, in the Complaint, Plaintiff asserts that the instant Court has subject matter jurisdiction over this action "under 28 U.S.C. § 1332(d) because Plaintiffs [sic] are citizens of states other than states where Defendants are citizens" and because "Plaintiff seeks damages in excess of $75,000, exclusive of interest and costs." (*Id.* ¶ 20). In support of the complete diversity of the parties, Plaintiff alleges that "Plaintiff currently resides in Orlando, Florida." (*Id.* ¶ 19). Of note, Plaintiff does not appear to provide any allegations regarding the citizenship of Defendants Nestlé Enterprises S.A. or Société des Produits Nestlé S.A. (*See generally* Doc. 1).

Finally, despite naming "Does 1 through 10" as Defendants (collectively, the "**Doe Defendants**"), Plaintiff fails to provide any further allegations regarding the Doe Defendants. (*See id.*).

## II. LEGAL STANDARDS

### A. Diversity Jurisdiction

Federal courts exercise limited jurisdiction and must "zealously [e]nsure that jurisdiction exists" in every case. *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001); *see Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) (stating that a district court "is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."). Thus, in a diversity action, the Court must ensure that the plaintiff alleges that the amount in controversy exceeds $75,000 and that the citizenship of the parties is completely diverse. *See* 28 U.S.C. § 1332; FED. R. CIV. P. 8(a)(1). Complete diversity requires that the citizenship of each plaintiff be diverse from the citizenship of each defendant. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).

For diversity purposes, an individual's citizenship is determined by domicile, which is established by residence plus an intent to remain.[2] *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989); *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). Residence alone is not enough. *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013). Further, a foreign corporation "is

---

[2] A minor shares the domicile of his or her parents. *Miss. Band of Chocotaw Indians*, 490 U.S. at 48.

deemed a citizen of every state and foreign state in which it has been incorporated and of the state or foreign state where it has its principal place of business." *Martinez v. Netflix, Inc.*, No. 23-10895, 2023 WL 3746377, at *1 (11th Cir. June 1, 2023) (per curiam) (citing 28 U.S.C. § 1332(c)(1)).[3]

**B. Shotgun Pleadings**

"The Court has an independent obligation to dismiss a shotgun pleading." *Ain Jeem, Inc. v. Individuals, P'ships, & Unincorporated Ass'ns Identified on Schedule A*, No. 8:21-cv-1331, 2021 WL 2941735, at *1 (M.D. Fla. July 13, 2021). "'If, in the face of a shotgun complaint, the defendant does not move the district court to require a more definite statement, the court, in the exercise of its inherent power, must intervene *sua sponte* and order a repleader.'" *Id.* (quoting *McWhorter v. Miller, Einhouse, Rymer & Boyd, Inc.*, No. 6:08-cv-1978, 2009 WL 92846, at *2 (M.D. Fla. Jan. 14, 2009)); *see Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (per curiam) (affirming the district court's *sua sponte* dismissal of a shotgun pleading).

There are four general categories of shotgun pleadings: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts"; (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint "that commits the sin of not separating into a different count each cause

[3] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d 1340, 1345 n.7 (11th Cir. 2007).

of action or claim for relief"; and (4) a complaint that asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

### C. Fictitious Defendants

"As a general matter, fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (citing *New v. Sports & Recreation, Inc.*, 114 F.3d 1092, 1094 n.1 (11th Cir. 1997)). However, the Eleventh Circuit has "created a limited exception to this rule when the plaintiff's description of the defendant is so specific as to be 'at the very worst, surplusage.'" *Id.* (quoting *Dean v. Barber*, 951 F.2d 1210, 1215–16 (11th Cir. 1992)). This exception applies where a plaintiff has "provided a description of the fictitious defendant that '[is] sufficiently clear to allow service of process' on the correct individual." *Tanious v. Landstar Sys., Inc.*, No. 3:20-cv-611-J-34MCR, 2020 WL 13357794, at *2 (M.D. Fla. June 24, 2020) (quoting *Dean*, 951 F.2d at 1216).

## III. DISCUSSION

The Court is due to dismiss Plaintiff's Complaint *sua sponte* for three reasons. First, Plaintiff fails to provide sufficient information to establish the

complete diversity of the parties, as is required for the Court to exercise subject matter jurisdiction. (*See generally* Doc. 1). Specifically, the Complaint alleges that "Plaintiff currently resides in Orlando, Florida." (*Id.* ¶ 19). However, residence alone is not enough to establish an individual's place of citizenship. *Travaglio*, 735 F.3d at 1269. Instead, a plaintiff must allege his or her domicile, which is established by alleging plaintiff's place of residence plus an intent to remain. *See Miss. Band of Choctaw Indians*, 490 U.S. at 48. Further, Plaintiff has failed to allege any facts in support of the states or foreign states of citizenship of Defendants Nestlé Enterprises S.A. and Société des Produits Nestlé S.A. (*See generally* Doc. 1); *Martinez*, 2023 WL 3746377, at *1. Thus, the Court cannot ascertain the citizenship of Plaintiff, Defendant Nestlé Enterprises S.A., or Defendant Société des Produits Nestlé S.A for diversity purposes. As a result, repleader is required to cure these jurisdictional defects.

Second, Plaintiff's Complaint falls within the first category of shotgun pleadings identified by *Weiland*. *See id.* at 1321–23. The first paragraphs of Counts II, III, IV, V, VI, and VII each incorporate all preceding paragraphs. (Doc. 1, ¶¶ 123, 135, 150, 168, 180, 196). Plaintiff's successive adoption of all preceding paragraphs at the start of each count folds in each previous count's allegations, making the Complaint a textbook example of the first category of shotgun pleadings. *See Weiland*, 792 F.3d at 1321–23. Instead, Plaintiff must specifically identify only those paragraphs relevant to the claim at issue if Plaintiff chooses to restate and

reallege such claims. Consequently, repleader of the Complaint is also necessary to cure these defects.

Finally, Plaintiff's Complaint fails to include any allegations describing the Doe Defendants. (*See generally* Doc. 1). Under the circumstances, Plaintiff's claims against the Doe Defendants are not permitted. *See Richardson*, 598 F.3d at 738. Thus, upon repleader, Plaintiff shall either omit Plaintiff's claims against the Doe Defendants or shall "provide additional allegations specifically describing who they are such that they may be identified for service of process." *Tanious*, 2020 WL 13357794, at *2 (quoting *Dean*, 951 F.2d at 1216).

## IV. CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. The Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.
2. On or before **August 10, 2026**, Plaintiff shall file an amended complaint in compliance with this Order and all applicable rules and law. Failure to timely comply with this Order will result in the closure of this action without further notice.

**DONE AND ORDERED** in Orlando, Florida on July 20, 2026.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

Unrepresented Parties